State v. Rice

STATE OF NORTH CAROLINA v. GENE L. RICE

No. 7315SC428

(Filed 27 June 1973)

1. **Rape § 17— assault with intent to commit rape — failure to accomplish rape — nature of assault unchanged**

   Where the evidence tended to show that defendant assaulted the prosecuting witness with the intent to have sexual intercourse with her notwithstanding resistance on her part, the fact that he finally desisted without accomplishing his purpose in no wise changed the nature of the assault.

2. **Indictment and Warrant § 17— variance with respect to date immaterial**

   Where evidence tended to show the alleged offense took place around 12:15 on the morning of 12 November 1972, but the bill of indictment charged the offense occurred on 11 November 1972, the variance did not mislead or prejudice defendant and was not fatal.

APPEAL by defendant from *Bailey, Judge,* 15 January 1973 Session of Superior Court held in ALAMANCE County.

Defendant was charged in a bill of indictment, proper in form, with the felony of assault with intent to commit rape upon a female. G.S. 14-22. The jury returned a verdict of guilty as charged in the bill of indictment.

*Attorney General Morgan, by Assistant Attorney General Ray, for the State.*

*Wiley P. Wooten for the defendant.*

BROCK, Judge.

The State's evidence tended to show that defendant, a 25-year-old male Caucasian, crudely and viciously assaulted the prosecuting witness, a 45-year-old female Negro. The assault occurred in the Delux Laundromat on Harden Street in Graham, N. C., at about fifteen or twenty minutes after midnight, the early hours of Sunday, 12 November 1972. The prosecuting witness had finished her day's work at the Embers Restaurant and had stopped by the laundromat to do her family laundry. The State's evidence tended to identify defendant as being present in the laundromat while the prosecuting witness was there. A lifelong acquaintance of defendant testified that when he left the laundromat about 12:15 a.m. the defendant and the prosecuting witness were there. The prosecuting witness testi-

fied as to the description and dress of defendant to be the same as that given by the lifelong acquaintance.

[1] No useful purpose will be served by recounting here the details of the assault. Suffice it to say the evidence tended to show that defendant assaulted the prosecuting witness with the intent to have sexual intercourse with her notwithstanding resistance on her part. The fact that he finally desisted without accomplishing his purpose in no wise changes the nature of the assault. Defendant's assignment of error to the failure of the State to establish the intent of the defendant is without merit.

[2] Defendant assigns as error the denial of his motion to dismiss because the bill of indictment charges the offense on 11 November 1972, and the evidence tended to show it occurred on 12 November 1972. Ordinarily, where the statute of limitations is not involved and time is not of the essence of the offense charged, a variance of a few days between the date alleged and the date proved is not fatal. 4 Strong, N. C. Index 2d, Indictment and Warrant, § 17. In this case, the statute of limitations is not involved, nor is time of the essence of the offense. Actually, the variance amounts to only a matter of fifteen to thirty minutes, and defendant could not have been misled or prejudiced. This assignment of error is overruled.

Defendant assigns as error certain portions of the trial judge's charge to the jury. We have reviewed the charge as a whole and in our opinion it is fair and nonprejudicial to the defendant. This assignment of error is overruled.

No error.

Judges MORRIS and PARKER concur.